UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

Eichler                                                                                    Civil Action No. 07-2210

versus                                                                                    Judge Tucker L. Melançon

La. Dept. of Public Safety &                                                Magistrate Judge Methvin
Corrections, et al

**MEMORANDUM RULING**

Before the Court is an unopposed Motion for Summary Judgment filed by defendants Lafayette City-Parish Consolidated Government ("LCG"), Sergeant Kevin Moore, Officer Josh Strong and Officer Jack Martin ("the Officer Defendants").[1] [Rec. Doc. 61]. For the following reasons, the defendants' motion will be granted.

*I. Background*

Defendants' Statement of Uncontested Material Facts[2], *R. 61-2*, states as follows:

On June 13, 2006, plaintiff, Michael Eichler, plead guilty to a violation of La. R. S. 14:98, Driving While Intoxicated - Third Offense, in the First Judicial District Court, Caddo Parish, Louisiana, and was sentenced to be confined to hard labor for a period of five (5) years. The state court ordered the majority of plaintiff's sentence suspended, and plaintiff was placed on supervised probation under the legal custody and supervision of the Louisiana

---

[1] Pursuant to Local Rule 7.5W the deadline to file an opposition to defendants' motion was September 16, 2009.

[2] As no opposition was filed, defendants' Statement of Uncontested Facts [Rec. Doc. 61-2] is admitted. *L.R. 56.2W*.

1

Department of Public Safety and Corrections Division of Probation and Parole ("DPSC") for three (3) years, commencing on or about June 13, 2006. On June 30, 2006, Eichler's case was assigned to Tim Mills, probation and parole officer for the DPSC. At the direction of Mills, plaintiff was placed in a halfway house located at 1112 Hugh Wallis Road in Lafayette, Louisiana and operated by Katherine Golden, where he remained under the legal custody and supervision of the DPSC. On December 21, 2006, while a resident of the halfway house, plaintiff physically fled from an automobile being driven by Golden who was driving plaintiff to a facility where he was to undergo a mandatory drug test. Golden contacted the Lafayette Police Department to report the incident and the Officer Defendants Sergeant Moore, Officer Strong and Officer Martin were dispatched to the halfway house in reference to a simple escape. Before the officers arrived at the referenced location, plaintiff got back into the vehicle with Golden and returned to the halfway house. After the officers arrived at the halfway house, Golden discovered that plaintiff had left again. The Officer Defendants, assisted by a K-9 officer, conducted a search of the area but were unable to locate plaintiff. Several minutes later, Sergeant Moore located plaintiff near the 900 block of South Hugh Wallis Road and alerted Officer Strong who responded to the scene. After confirming plaintiff's identity, Officer Strong handcuffed plaintiff, advised him of his constitutional rights via Miranda warning and questioned him. Plaintiff advised Officer Strong that he did not remember running away from Golden, leaving the halfway house or how he got to his present location. Officer Strong arrested plaintiff and transported him to Lafayette Parish

Correctional Center where he booked plaintiff on the charge of simple escape in violation of La.R.S. 14:110.

On December 21, 2007, Eichler filed a verified Complaint alleging actions under 42 U.S.C. § 1983 against numerous defendants for alleged violations of plaintiff's constitutional rights in the December 21, 2006 incident.[3] In particular, plaintiff alleges that Sergeant Moore, Officer Strong, Officer Martin and LCG, through the doctrine of *respondeat superior*, denied plaintiff's rights, privileges or immunities secured by the Fourth, Fifth and Fourteenth Amendment of the Constitution and 42 U.S.C. § 1983 "in the unlawful arrest, search and detention of the Plaintiff on charges of an alleged simple and/or aggravated escape in regards those actions occurring on or about December 21, 2006." *R. 1, ¶ 57*. Plaintiff also asserts state law causes of action against the Officer Defendants for constitutional violations during his arrest and for assault, battery and false imprisonment under La. Civ. Code art. 2315. *Id. at ¶ 62*. Plaintiff's Complaint further alleges that LCG, through unknown supervisors, named as defendants "John Does," failed to properly and adequately instruct, supervise, control and discipline unknown officers of the Lafayette Police Department, named as "Officers LNU," to prevent the alleged wrongdoings of which plaintiff complains. *Id. at ¶ 58*.

*II. Summary Judgment Standard*

A motion for summary judgment shall be granted if the pleadings, depositions and affidavits show that there is no genuine issue as to any material fact and that the moving party

---

[3] Plaintiff's claims against the other defendants named in this action have been dismissed by the Court. *R. 55; R. 58; R. 59*.

is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir.1994)(en banc). Initially, the party moving for summary judgment must demonstrate the absence of any genuine issues of material fact. When a party seeking summary judgment bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if such evidence were uncontroverted at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim. *Id.* If the moving party fails to carry this burden, his motion must be denied. If he succeeds, however, the burden shifts to the non-moving party to show that there is a genuine issue for trial.[4] *Id.* at 322-23. Once the burden shifts to the respondent, he must direct the attention of the court to evidence in the record and set forth specific facts sufficient to establish that there is a genuine issue of material fact requiring a trial. *Celotex Corp.,* 477 U.S. at 324; Fed.R.Civ.Pro. 56(e). The responding party may not rest on mere allegations or denials of the adverse party's pleadings as a means of establishing a genuine issue worthy of trial, but must demonstrate by affidavit or other admissible evidence that there are genuine issues of material fact or law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986); *Adickes v. S.H. Kress & Co.,* 398 U.S.

---

[4] Where the nonmoving party has the burden of proof at trial, the moving party does not have to produce evidence which would negate the existence of material facts. It meets its burden by simply pointing out the absence of evidence supporting the non-moving party's case. *Celotex Corp.,* 477 U.S. at 325. To oppose the summary judgment motion successfully, the non-moving party must then be able to establish elements essential to its case on which it will bear the burden of proof at trial. A complete failure of proof by the non-moving party of these essential elements renders all other facts immaterial. *Id.*

144. 159 (1970); *Little*, 37 F.3d at 1075. There must be sufficient evidence favoring the non-moving party to support a verdict for that party. *Anderson,* 477 U.S. at 249; *Wood v. Houston Belt & Terminal Ry.,* 958 F.2d 95, 97 (5th Cir.1992). There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### III.  Analysis

Defendants filed this motion for summary judgment, alleging that plaintiff's federal claims against them should be dismissed with prejudice and the Court should decline to exercise supplemental jurisdiction over the remaining state law claims, if any. *R. 61-3*. As noted in the foregoing, plaintiff failed to file any opposition to the motion for summary judgment. The fact that there is no opposition to defendants' motion does not necessarily mean defendants should prevail on the merits. "A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 (5th Cir. 1995). However, as previously noted, the failure to file an opposition and statement of contested material facts requires the Court to deem defendants' Statement of Uncontested Material Facts admitted for purposes of this motion. *L. R. 56.2W*.

### 1.  Federal Claims

### *a. False Arrest and False Imprisonment Claims Against The Officer Defendants and LCG*

Plaintiff claims that his constitutional rights under the fourth and fourteenth amendments were violated when he was falsely arrested and imprisoned on a charge of simple escape without probable cause. As with the "constitutional tort" of false arrest, the "constitutional tort" of false imprisonment requires a plaintiff to show that the defendant lacked probable cause to arrest him.[5] *Haggerty v. Texas S. Univ.*, 391 F.3d 653, 655 (5th Cir.2004). "A warrantless arrest must be based on 'probable cause.' Probable cause exists when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense. If there was probable cause for any of the charges made ... then the arrest was supported by probable cause, and the claim for false arrest fails." *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009) (internal citations omitted).

Defendants move for summary judgment alleging that probable cause existed for the arrest of plaintiff for simple escape, so there is no basis for suit against them. "There is no cause of action for 'false arrest' under section 1983 unless the arresting officer lacked probable cause." *Fields v. City of South Houston, Tex.*, 922 F.2d 1183, 1189 (5th Cir. 1991). The Court agrees that the undisputed facts establish that the Officer Defendants had probable

---

[5] The two claims differ only slightly in that false arrest focuses on the harm derived from being seized in violation of the Fourth Amendment without probable cause, while false imprisonment focuses on the harmed derived from being wrongfully detained in violation of the Fourteenth Amendment due process clause. *Thomas v. Kipperman*, 846 F.2d 1009, 1011 (5th Cir.1988). Therefore, to establish a cause of action for false imprisonment under § 1983, plaintiff must show that [the officer] caused him to be imprisoned without probable cause. *Douthit v. Jones*, 619 F.2d 527, 532 (5th Cir. 1980).

cause to arrest plaintiff for simple escape. In particular, during the entire course of events described in plaintiff's Complaint, plaintiff remained under the legal custody and supervision of the Louisiana DPSC. *R. 1, ¶¶ 6-9; R. 61-2, Stmt. of Uncontroverted Facts.* Plaintiff was transferred to the halfway house at issue at the direction of Tim Mills, plaintiff's DPSC probation and parole officer. *Id.* While the halfway house was operated by Katherine Golden, plaintiff remained under the custody and supervision of the DPSC. *Id.* On December 21, 2006, while a resident of the halfway house, plaintiff physically fled from a vehicle being driven by Golden to a facility where plaintiff was to undergo a drug test required as a condition of his probation. *R. 1, ¶ 17.* After plaintiff fled from vehicle, Golden contacted the Lafayette Police Department and the Officer Defendants were dispatched in reference to a simple escape. *R. 61-2, Exh. A, Aff. of Moore, Exh. B, Aff. of Strong.* Although plaintiff returned to the halfway house with Golden, he ultimately fled from the halfway house. *Id.; R. 1, ¶¶ 18-20.* Contrary to plaintiff's allegations, the Officer Defendants verified that plaintiff was ordered to be at the halfway house and should be arrested when Sergeant Moore spoke by telephone to Tim Mills. *R. 61-2, Exh. A, Aff. of Moore; R. 1, ¶¶ 21 - 23.* After a futile search for plaintiff using a K-9 officer, Sergeant Moore located plaintiff and alerted Officer Strong who responded to the reported location. *Id., Exh. A, Aff. of Moore; Exh. B, Aff. of Strong.* After plaintiff's identity was confirmed, Officer Strong handcuffed plaintiff, advised him of his constitutional rights via a Miranda warning and transported plaintiff to Lafayette Parish Correctional Center, where he was booked on the charge of simple escape in violation of La. R.S. 14:110. *Id.*

Under La. R.S. 14:110, the crime of simple escape provides in pertinent part as follows:

> (1) The intentional departure, under circumstances wherein human life is not endangered, of a person imprisoned, committed, or detained from a place where such person is legally confined, from a designated area of a place where such person is legally confined, or from the lawful custody of any law enforcement officer or officer of the Department of Public Safety and Corrections.

Considering the totality of the circumstances, including the foregoing undisputed facts, the Officer Defendants had probable cause to believe that plaintiff had committed or was committing the offense of simple escape and were therefore justified in arresting plaintiff on that charge. Plaintiff's claim for false arrest will be dismissed. As to plaintiff's claim for false imprisonment, the Court will dismiss plaintiff's claim for the same reasons as the false arrest claim. *Haggerty*, 391 F.3d at 655 *citing Brown v. Lyford*, 243 F.3d 185, 189 (5th Cir.2001) ("The 'constitutional torts' of false arrest ... and false imprisonment ... require a showing of no probable cause.").

Plaintiff also seeks to establish LCG's liability based on the conduct of the Officer Defendants under the doctrine of *respondeat superior*. *Respondeat superior*, however, is inapplicable in Section 1983 cases. *Williams v. Luna*, 909 F.2d 121, 123 (5th Cir.1990). Moreover, it is well settled that a public body/municipality such as LCG is liable only for its own acts and not those attributable to them by principles of *respondeat superior*. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 691 (1978). Accordingly, LCG and the Officer Defendants cannot be held liable for false arrest and imprisonment under § 1983 and plaintiff's claims against them will be dismissed.

*b. LCG's Liability for "Officers LNU"*

Plaintiff alleges that LCG, through "JOHN DOES" (unknown Supervisors), failed to properly and adequately instruct, supervise, control and discipline Officers LNU (unknown officers of the Lafayette Police Department who allegedly arrested plaintiff on January 23, 2007. Plaintiff is unable to identify the officers who made the alleged arrest. The affidavit of Lou Breaux, Records Supervisor for the Lafayette Police department, states that a comprehensive search of the arrest records maintained in the normal course of business by the Lafayette Police Department revealed that there is no record of an arrest of plaintiff on or about January 23, 2007 by the Lafayette Police Department. *R. 61-3, Aff. of Lou Breaux, Records Supervisor of the Lafayette Police Dept.* Moreover, Breaux states, and the record indicates, that the Lafayette Parish Correctional Center's Daily Booking Report concerning the January 23, 2007 arrest indicates that plaintiff was arrested by an officer of the Lafayette Parish Sheriff's Office, not defendant LCG. *Id. , Exh. A. Booking Rpt.* Thus, plaintiff's claims against LCG as a result of plaintiff's alleged arrest on or about January 23, 2007 are without merit and they will be dismissed.

*b. LCG's Liability For Failure To Train "Officers LNU"*

Plaintiff alleges that LCG, "through Supervisors, who are responsible for the training and supervision of Lafayette police officers, ... fail[ed] to properly and adequately instruct, supervise, control, and discipline on a continuing basis their Officers LNU ... to prevent the wrongs complained of herein...." R. ¶ 58. "In a § 1983 claim for failure to supervise or train, the plaintiff must show that: (1) the supervisor either failed to supervise or train the

9

subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference. For an official to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. To establish deliberate indifference, a plaintiff usually must demonstrate a pattern of violations and that the inadequacy of the training is obvious and obviously likely to result in a constitutional violation. Where a plaintiff fails to establish deliberate indifference, the court need not address the other two prongs of supervisor liability. Furthermore, for a supervisor to be liable for failure to train, the focus must be on the adequacy of the training program in relation to the tasks the particular officers must perform. Moreover, for liability to attach based on an inadequate training claim, a plaintiff must allege with specificity how a particular training program is defective." *Goodman v. Harris County,* 571 F.3d 388, 395 (5th Cir. 2009).

Plaintiff has failed to make any allegation or provide any evidence to prove that LCG failed to adequately train its supervisors with regard to plaintiff's contentions of unlawful detention, arrests or searches. Nor has he established any evidence that any such failure amounts to deliberate indifference. Plaintiff's claim against LCG for failure to train will therefore be dismissed.

*2. State Claims*

Defendants move the Court to decline to exercise supplemental jurisdiction over plaintiff's state law claims. Although 28 U.S.C. § 1367 confers supplemental jurisdiction

over plaintiffs' state law claims, the assertion of supplemental jurisdiction may be declined if all claims over which the Court has original jurisdiction are dismissed. 28 U.S.C. § 1367(3). "When a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims. However, the dismissal of the pendent claims should expressly be without prejudice so that the plaintiff may re-file his claims in the appropriate state court." *Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999). "The Supreme Court in *United Mine Workers of America v. Gibbs*, emphasized that '[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of the applicable law.'" *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993)(citation omitted). Because plaintiff's federal claims will be dismissed by this ruling, the Court will not have original jurisdiction over their remaining state law claims. Accordingly, the Court will dismiss plaintiff's state law claims without prejudice.

### *IV. Conclusion*

Based on the record before the Court and the applicable law, the unopposed motion for summary judgment filed by defendants will be granted and plaintiff's federal claims under § 1983 will be dismissed with prejudice and plaintiff's state law claims will be dismissed without prejudice.